# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON CAROLLO,<br><br>Plaintiff,<br><br>vs.<br><br>VERICREST FINANCIAL, INC. *et al.*,<br><br>Defendants. | Case No.: C-11-4767 YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Sharon Carollo ("Plaintiff") brings this foreclosure-related action against Defendants Vericrest Financial, Inc. ("Vericrest"); Mortgage Lender Services, Inc. ("MLS"); the CIT Group/Consumer Finance, Inc. ("CIT"); Bank of New York Mellon ("BNYM"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants").[1]

Defendants have filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis that the Complaint fails to state facts to support the conclusory claims of wrongful foreclosure and other allegedly wrongful conduct. Defendants have moved alternatively to strike the claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that punitive damages are not recoverable as a matter of law. Plaintiff filed an opposition and Defendants filed a reply.

Having carefully considered the papers submitted and the complaint in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**, and **DENIES AS MOOT** Defendants' Motion to Strike.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on March 20, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for March 20, 2012. For that reason, the Court **DENIES AS MOOT** Defendants' Amended Motion to Appear by Telephone at the March 20, 2012 hearing.

**I.   LEGAL STANDARD ON MOTION TO DISMISS**

Rule 8 of the Federal Rules of Civil Procedure requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1950 (2009) (quoting *Twombly, supra*, 550 U.S. 544, 558-59). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, *supra*, 550 U.S. at 558. Likewise, where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory, a claim is properly dismissed. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). Additionally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

**II.   BACKGROUND**

Plaintiff resides at 2062 Taylor Road, Bethel Island in Contra Costa County, California. Complaint at 2:1-3, Dkt. No. 1. On or about December 19, 2003, Plaintiff refinanced her residence with a loan from CIT for $382,500.00, secured by a deed of trust. *Id*. at 5:21-25. Plaintiff defaulted on the loan, and on October 23, 2009, MLS recorded the Notice of Default in the Contra Costa County Recorder's Office. *Id*. at 14:5-13;[2] Defendants' Request for Judicial Notice ("RJN"), Dkt. Nos. 19, 31, & 52, Ex. A.[3]

On February 3, 2010, MERS, as nominee, assigned the Deed of Trust to BNYM. RJN ¶ 2. MERS recorded the Assignment of Deed of Trust in the Contra Costa County Recorder's Office.

---

[2] Because Plaintiff failed to comply with Federal Rule of Civil Procedure 10(b), which requires a party to state its claims in separately numbered paragraphs, pinpoint citations to the Complaint are to the page and line number.

[3] The Court finds that the Public Records for which Defendants seeks judicial notice satisfy the requirements of Fed. R. Evid. 201. Therefore, the Court **GRANTS** Defendants' Requests for Judicial Notice.

2

RJN, Ex. B.  On or about February 2, 2010, BNYM substituted MLS as Trustee, and recorded the substitution in the Contra Costa County Recorder's Office.  Complaint 14:5-13; RJN, Ex. C.  After MLS was substituted as trustee, on February 3, 2010, October 9, 2010, and again on August 31, 2011, MLS published Notices of Trustee's Sale in the Contra Costa County Recorder's Office.  Complaint at 7:20-22, 14:5, Ex. D; RJN, Ex. D.  On September 23, 2011, Plaintiff's home was sold in a Trustee's Sale.  There is no indication that Plaintiff has been evicted or that any of the Defendants has filed an Unlawful Detainer action.

Plaintiff's Complaint lists 13 claims on the cover page: (1) Violation of 26 U.S.C. § 2065 *et seq.*;  (2) Violation of 15 U.S.C. § 1692; (3) Violation of § 1788.17 of the FRDCPA [*sic*] (Cal. Civ. Code § 1788.17); (4) Breach of the Duty of Good [*sic*] And Fair Dealing; (5) Injunctive Relief;  (6) Declaratory Relief; (7) Fraud; (8) Wrongful Foreclosure; (9) Intentional Misrepresentation; (10) Violation of Business and Professions Code § 17200; (11) Violation of Civil Code § 1572; (12) Quiet Title; and (13) RICO Violations.  *See* Complaint.  It reads like a motion, including a section captioned "memorandum of points and authorities," as well as an Argument section.

In its current form, **the complaint is unclear and ambiguous**.  Plaintiff appears to allege the following "wrongful" conduct:

- Defendants  engaged in "unlawful, fraudulent or unfair lending practices" involving "one of the following elements:
    a) Making loans predominantly based on the foreclosure or liquidation value of a borrower's collateral rather than on the borrower's ability to repay the mortgage according to its terms;
    b) Inducing the borrower to refinance a loan repeatedly in order to charge high points and fees each time the loan is refinanced ('loan flipping'); or
    c) Engaging in fraud or deception to conceal the real nature of the mortgage loan obligation. *Id.* 4:8-21.
- Defendants failed to disclose "material facts about the Loan, fail[ed] to verify Plaintiffs' income, falsif[ied] Plaintiffs income, agree[d] to adopt a Yield Spread Premium, and caused

3

Plaintiffs' Loan to include a penalty for early payment." *Id.* at 6:16-20.

- Defendants rushed Plaintiff into signing the Loan documents, and Plaintiff signed them "based on representations and the trust and confidence the Plaintiffs [*sic*] placed in Defendants [*sic*] predecessors." *Id.* at 6:10-15.

In connection with the foreclosure related events, Plaintiff alleges the following "wrongful" conduct:

- MLS did not have authority to record the Notice of Default, both because of the involvement of MERS as nominee of the lender, and because the Loan was allegedly "bundled with other notes and sold as mortgage-backed securities." *Id.* at 7:16-20.
- Defendants have no standing to foreclose. *Id.* at 5:13-14.
    o Defendants have never been in possession of the Note. *Id.* at 17:15-18:3.
    o Defendants cannot meet the requirements of California Commercial Code § 3301 concerning enforcement of instruments because they are not "holders" of the Note and, therefore, Defendants are not entitled to foreclose on the Note. *Id.* at 16:1-17:13.
    o Defendants cannot meet the requirements for "lost notes" under the California Commercial Code. *Id.* at 18:5-19:16.
    o Vericrest, MLS and BNYM were never assigned the Deed of Trust, were never beneficiaries, and therefore, never had the authority to foreclose. *Id.* at 19:18-20:6.
- Vericrest, MLS and BNYM violated California foreclosure law by filing a defective Notice of Sale and Notice of Default when they had no right to do so (which, apparently also violates the California Penal Code). *Id.* at 8:1-9:2, 9:5-10, 20:7-19.
- Even if Vericrest, MLS and BNYM had the power to foreclose, the foreclosure violates California Civil Code 2923.6 (concerning pooling servicing agreements).

**III.   DISCUSSION**

Plaintiff has not pled any recognized legal theory that entitles Plaintiff to any relief. Plaintiff's theory appears to be that none of the Defendants holds the Note to the mortgage loan on which Plaintiff defaulted and therefore none has standing to foreclose. In the Complaint,

4

Plaintiff alleges "the complaint and its accompanying documents as wells as the documents attached clearly show that *insert defendant* [*sic*] lacks the requisite standing to foreclose upon Plaintiffs' [*sic*] property." Complaint 22:18-19 (emphasis in original). However, the facts alleged in the Complaint, the documents attached as exhibits, and judicially noticeable documents rebut Plaintiff's claim that the assignments of the Note were invalid and that none of the Defendants has standing to foreclose.

Though Plaintiff makes numerous factual allegations, they are not tied to any elements of any legal claim, whether based on statute, contract, tort or equitable principles. For example, Plaintiff's first claim is for a violation of 26 U.S.C. § 2065, which is the Internal Revenue Code, but there is no section 2065 in Title 26. Likewise, Plaintiff's second and third claims are for violation of 15 U.S.C. § 1692 (Fair Debt Collection Practices) and California Civil Code § 1788.17 (California Rosenthal Fair Debt Collection Practices Act) yet the Complaint is devoid of any allegation that any Defendant engaged in debt collection activity. Furthermore, Plaintiff's Fifth Claim is for Injunctive Relief, which is not a cause of action. In short, the Complaint does not give fair notice of any of the legal claims Plaintiff asserts or the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2).

**IV. CONCLUSION**

Defendants' Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiff may file an Amended Complaint which must set forth valid legal claims and the facts giving rise to each claim. Any Amended Complaint shall be filed no less than 21 days from the date of this order. Any response thereto shall be filed no less than 21 days from service of the Amended Complaint.

Defendants' Motion to Strike Punitive Damages is **DENIED AS MOOT**.

Defendants' Amended Motion to Appear by Telephone at the March 20, 2012 is **DENIED AS MOOT**.

The Court hereby sets this matter on its compliance calendar to determine whether Plaintiff files an Amended Complaint. The date set is Friday, April 13, 2012 at 9:01 a.m. If Plaintiff files an Amended Complaint, the Court will vacate the conference and no appearance will be necessary. If Plaintiff fails to amend, the case will be dismissed under Rule 41(b) for

failure to prosecute. *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420*, 726 F.2d 525, 528 (9th Cir. 1984).

This Order terminates Docket Numbers 16, 17, & 53.

**IT IS SO ORDERED.**

March 16, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**