United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SHARON CAROLLO,**

**Plaintiff,**

**vs.**

**VERICREST FINANCIAL, INC. *et al.*,**

**Defendants.**

**Case No.: 11-CV-4767 YGR**

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**

Plaintiff Sharon Carollo ("Plaintiff") brings this foreclosure-related action against Defendants Vericrest Financial, Inc. ("Vericrest"); Mortgage Lender Services, Inc. ("MLS"); the CIT Group/Consumer Finance, Inc. ("CIT"); Bank of New York Mellon ("BNYM"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants").

Defendants have filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis that the Complaint fails to state facts to support the conclusory claims of wrongful foreclosure and other allegedly wrongful conduct; the Court lacks subject matter jurisdiction; and the claims are barred by res judicata. Defendants have also moved to strike the claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that punitive damages are not recoverable as a matter of law. (*See* Dkt. Nos. 67, 68, 70.) The Court heard oral argument on September 11, 2012.

Having carefully considered the papers submitted, the argument of the parties, and the complaint in this action, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH PREJUDICE**, and **DENIES AS MOOT** Defendants' Motion to Strike.

United States District Court
Northern District of California

## I. FACTUAL BACKGROUND

Plaintiff resides at 2062 Taylor Road, Bethel Island in Contra Costa County, California (the "Property"). (FAC ¶¶ 1, 15.) On or about December 19, 2003, Plaintiff refinanced the Property with a loan from CIT for $382,500.00, secured by a deed of trust. (*Id.* ¶ 15.) Plaintiff defaulted on the loan, and on October 23, 2009, MLS recorded the Notice of Default in the Contra Costa County Recorder's Office. (*See* Defendants' Request for Judicial Notice ("RJN"), Dkt. No. 69, Ex. A.)[1]

On November 23, 2009, MERS, as nominee, assigned the Deed of Trust to BNYM. (*Id.*, Ex. B.) Also on November 23, 2009, BNYM substituted MLS as Trustee. (*Id.*, Ex. C.) Both the Assignment of the Deed of Trust and the Substitution of Trustee documents were recorded in the Contra Costa County Recorder's Office on February 3, 2010. (*Id.*, Exs. B, C.) MLS also published Notices of Trustee's Sale in the Contra Costa County Recorder's Office on February 3, 2010, October 9, 2010, and August 31, 2011. (*Id.*, Ex. D.) On September 23, 2011, the Property was sold in a Trustee's Sale. (FAC ¶ 12.) Defendants used small claims court to evict Plaintiff and her family from the Property. (*Id.* ¶ 20.)

Plaintiff alleges that the non-judicial foreclosure sale of the Property was wrongful. She argues that Defendants never provided proof that they hold the mortgage loan note ("Note"). Plaintiff also contends that the documents filed in the public record in connection with the sale are invalid because they were robosigned, falsified, and forged. Consequently, she asserts that the Defendants had no right to foreclose on the Property.

### A. The State Court Actions

This is the third lawsuit Plaintiff has filed based upon the non-judicial foreclosure sale following the default on the 2003 loan. On April 27, 2010, Plaintiff first filed a state court action against Defendants Vericrest, MLS, CIT, BNYM, and MERS, in Contra Costa County Superior Court, Case No. 10-01064 ("First State Court Action"). (RJN, Ex. E.) Defendants filed a demurrer to the complaint in the First State Court Action. The state court published a tentative

---

[1] The Court finds that the Public Records for which Defendants seek judicial notice satisfy the requirements of Fed. R. Evid. 201. Therefore, the Court **Grants** Defendants' Requests for Judicial Notice.

ruling to sustain the demurrer and grant the motion to strike. (*Id.*, Exs. F, G.) After the court published its tentative ruling to sustain the demurrer, Plaintiff voluntarily dismissed her First State Court Action.

On October 28, 2010, Plaintiff filed a second state court action against Defendants Vericrest, MLS, CIT, BNYM, and MERS, in Contra Costa County Superior Court, Case No. 10-3123 ("Second State Court Action") using the same complaint from the First State Court Action, verbatim and without change. (*Compare id.*, Ex. E *with* Ex. H.) On April 5, 2011, Plaintiff filed an amended complaint in the Second State Court Action. (*Id.*, Ex. F.)[2] Defendants demurred, which the state court sustained without leave to amend on August 29, 2011. (*Id.*, Ex. J) The state court in the Second State Court Action entered a judgment following that dismissal on March 27, 2012. (*Id.*, Ex. H.) Nothing in the record indicates that Plaintiff appealed that decision in the state Court of Appeal.

### B. THE FEDERAL ACTION

Plaintiff filed this lawsuit in federal court on September 26, 2011. (Dkt. No. 1.) On March 16, 2012, the Court granted Defendants' first motion to dismiss with leave to amend. (Dkt. No. 54.) On May 29, 2012, Plaintiff filed an "Affidavit of Sharon Carollo in Support of Amended Complaint and to Take Compulsory Judicial Notice" (Dkt. No. 65), which the Court and Defendants are treating as a first amended complaint. (*See* Dkt. Nos. 66-69). In response to Defendants' Motion to Dismiss the First Amended Complaint, Plaintiff filed a "Notice re 'Bad Proof of Service'" and a second copy of her "Affidavit of Sharon Carollo in Support of Amended Complaint and to Take Compulsory Judicial Notice." (Dkt. Nos. 71, 73.) Plaintiff also filed a motion for an extension of time to prepare paperwork, which the Court construed as a motion for extension of time to file an opposition to Defendants' motion to dismiss, and granted Plaintiff an additional five weeks to file an opposition to the motion to dismiss. (*See* Dkt. Nos. 74, 76.) On August 20, 2012, Plaintiff filed an opposition memorandum. (Dkt. No. 78.)

---

[2] Defendants argue that the superior court judge sustained Defendants' demurrer to the original complaint in the Second State Court Action, and granted Plaintiff leave to amend. However, they did not include the order sustaining the demurrer with their requests for judicial notice.

United States District Court
Northern District of California

## II. DISCUSSION

### A. Legal Standard 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

While Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting *Twombly, supra*, 550 U.S. at 558-59).

### B. Failure to State a Claim

Plaintiff makes numerous factual allegations but does not tie them to any elements of any legal claim, whether based on statute, contract, tort or equitable principles. When analyzed, Plaintiff's allegations do not plead a cognizable legal theory that entitles her to any relief.

#### *1. Defects with the Note and assignment of the Deed of Trust.*

Plaintiff's primary theory appears to be that none of the Defendants hold the Note to her mortgage loan and therefore none had standing to foreclose. (FAC ¶ 19.) She argues that without standing to foreclose, Vericrest, MLS and BNYM would have violated California foreclosure law, allegedly by filing a Notice of Sale and Notice of Default without the authority to do so. (*Id.*) The facts alleged in the FAC, the documents attached as exhibits, and judicially noticeable public records rebut Plaintiff's claim that any assignment of the Note was invalid and rebut her claim that none of the Defendants had standing to foreclose.

United States District Court
Northern District of California

At oral argument Plaintiff argued that she has proof of forgery, specifically the notary signature on the Assignment of Deed of Trust. She contends that when MERS, as nominee for CIT, assigned the Deed of Trust to BNYM, as trustee (*see* RJN, Ex. B), the notary's signature was forged. The Court has reviewed the competing signatures (Dkt. No. 73, Ex. A; Dkt. No. 78, Ex. A), which, on their face, do not appear identical, and for purposes of this motion, the Court will assume the truth of Plaintiff's allegations.

Many courts have considered this issue of whether a homeowner-plaintiff may challenge the assignment of a deed of trust and have concluded that a homeowner-plaintiff lacks standing. *See Javaheri v. JPMorgan Chase Bank, N.A.*, 2:10-CV-08185-ODW, 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012) ("Only someone who suffered a concrete and particularized injury that is fairly traceable to the substitution can bring an action to declare the assignment . . . void.") (collecting cases). The reasoning is as follows: the homeowner-plaintiff's claimed injury is foreclosure. The foreclosure resulted from a default which would have occurred regardless of what entity was named as trustee. Thus, the homeowner-plaintiff does not suffer an injury as a result of the assignment of deed of trust, even if the assignment was fraudulent. Accordingly, the homeowner-plaintiff lacks standing to complain.

Here, if the Assignment of the Deed of Trust—which purports to assign the Deed of Trust from Defendant CIT to Defendant BNYM—was fraudulent, Defendant CIT would be the party to have suffered an injury because its interest in the Note would be affected. In contrast, the identity of the entity that initiated the foreclosure proceedings (whether Defendant CIT, Defendant BNYM, or Defendant MLS) does not change Plaintiff's injury. Plaintiff's injury cannot be traced to the transfer of the Note, but to the underlying default itself.

*2. Statutory violations.*

Though Plaintiff does not identify what her claims are in the FAC, Plaintiff identifies four statutes, which the Court analyzes in turn. The statutes identified in the FAC are: (i) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (ii) California Commercial Code § 1201(b)(21)(A); (iii) California Civil Code § 2932.5; and (iv) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. (*See* FAC ¶¶ 19-20.) In this case, RESPA does not apply

United States District Court
Northern District of California

because the statute did not become effective until after the transactions or occurrences at issue in this lawsuit. Second, this real property transaction is governed by California Civil Code section 2924 *et seq*. The mortgage loan, the transfer of the loan, foreclosure, and sale of real property do not fall within the purview of the Commercial Code, which does not apply to non-judicial foreclosures. Moreover, the section of the Commercial Code referenced does not relate to a statutory right of action but rather, a definition.[3] Third, Defendants did not violate California Civil Code § 2932.5, which defines who has the power of sale, because, as noted in the previous paragraph, Defendants had the power of sale due to Plaintiff's own default. Finally, as to a violation of the FDCPA, Plaintiff only conclusorily alleges that the Defendants tried to collect on an invalid or nonexistent debt. This fails to state a claim upon which relief can be granted.

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss for failure to state a claim upon which relief can be granted.

### C. RES JUDICATA

Defendants also move to dismiss the FAC on the basis of res judicata. "Res judicata" refers to the preclusive effect of a judgment.

Res judicata prohibits successive litigation of "any claims that were raised or could have been raised" in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). There are two types of res judicata: claim preclusion and issue preclusion. Claim preclusion bars successive litigation of the same claim after a final judgment, even if the same issues on the claim were not raised in the first suit, while issue preclusion bars relitigation of an issue that actually was litigated, even if the claim is different. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).[4] For res

[3] The section of the California Commercial Code identified in the FAC, section 1201(b), is the definitions section. The referenced subsection defines the term "Holder" as:

> (A) the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession

Cal. Comm. Code § 1201(b)(21)(A).

[4] "'By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*, *supra*, 553 U.S. at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)) (alterations in original).

judicata to apply there must be: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart*, *supra*, 297 F.3d at 956 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)) (internal quotations omitted). Here, all three requirements for res judicata are met.

*1. Identity of Claims*

Courts in California[5] apply the "primary rights" theory to determine whether the proceedings involve identical causes of action for res judicata purposes. *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797 (Cal. 2010). Under this theory, the determinative factor is the harm suffered. *Id.* at 798. A different legal label for an issue does not preclude res judicata; nor does asserting new claims based on the same facts. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they *could have been brought*." (emphasis added and citations omitted)). Thus, one injury gives rise to one claim for relief. *Boeken*, *supra*, 48 Cal.4th at 798

This action and the state court actions focus on the facts surrounding the loan Plaintiff acquired from Vericrest, the transfer of the mortgage from MERS, as nominee, to BNYM, the non-judicial foreclosure, which Plaintiff argues was improper due to a lack of standing to foreclose, and the sale of the Property. The primary right at issue in these actions was the right not to be wrongfully foreclosed upon and evicted by an entity that did not hold the Note to the Property.

The claims in this lawsuit were alleged or could have been alleged in the first suit against Defendants.[6] Plaintiff alleged nine causes of action in both state court cases: (1) fraudulent misrepresentation by representing a right to payment under the Note, the right to conduct a non-judicial foreclosure sale; (2) fraudulent inducement surrounding her acceptance of the terms of the

---

[5] State law determines whether a prior state court judgment precludes relitigation of claims raised in a later federal diversity action. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 375 (1996).

[6] This includes any claims that Plaintiff could have made during the first suit, such as the claim that Defendants offered a loan modification, but never modified her loan.

loan; (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (4) predatory lending practices based on improper disclosures in violation of TILA, by inducing Plaintiff to accept the burdensome mortgage; (5) breach of contract, trust, and fiduciary duty by not showing Plaintiff the original loan Note; (6) RICO; (7) Quiet Title; (8) Declaratory Relief that the Note is invalid based on these violations, and that Defendants do not have standing to foreclose because they do not hold the Note; and (9) Injunctive Relief to prevent Defendants from foreclosing upon, selling, or evicting Plaintiff from the Property. Plaintiff alleged these same nine causes of action in the first complaint in this lawsuit, and also added two claims: wrongful foreclosure and RICO. Although the FAC does not allege specific causes of action, the FAC discusses the same facts surrounding the loan, the transfer of the loan, the foreclosure, and sale.

Based on the foregoing, the Court finds that there is an identity of claims because Plaintiff's state and federal lawsuits are based on the same primary rights.

*2. Final Judgment*

The state court entered a final judgment on the merits after sustaining Defendants' Demurrer Without Leave to Amend on August 11, 2011. (Dkt. No. 69, Ex. J.) The Court then entered the Notice of Entry of Judgment of Dismissal In Favor of Defendants against Plaintiff on March 27, 2012. (Dkt. No. 69, Ex. K.) The state court judgment became final sixty days after the notice of entry of judgment, on or about May 26, 2012. *See* Cal. Rule of Court 8.104.

The res judicata effect of a judgment of dismissal with prejudice is limited by the scope of the issues actually adjudicated:

> It is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action. If, on the other hand, new or additional facts are alleged that cure the defects in the original pleading, the [dismissal] is not a bar to the subsequent action.

*Wells v. Marina City Properties, Inc.*, 29 Cal.3d 781, 789 (Cal. 1981) (quoted in Cal. Prac. Guide Civ. Pro. Before Trial Ch. 11-A).

The superior court judge ruled that Plaintiff could not state a cause of action based upon the same identity of claims. This was a final judgment on the merits. That determination is final and cannot be collaterally attacked in this forum.

> [This] does not deny a plaintiff [her] day in court. It simply requires that [s]he frame [her] allegations in order to state a cause of action; and if a plaintiff is unable

> to do so after an adequate and reasonable opportunity is afforded, [s]he must proceed to a review of such legal determination by appeal, rather than seek another trial forum in which to reassert the same claims.

*Id*.

Plaintiff did not seek appellate review before reasserting in federal court the same claims that had been dismissed without leave to amend in state court. Accordingly, further litigation is barred.

There was a final judgment on the merits.

*3. Privity*

Third, there is privity between the parties. Plaintiff Carollo and the Defendants, Vericrest, MLS, CIT, BNYM, and MERS, are the same parties in this action as Plaintiff and Defendants in the state court actions.

Therefore, all three elements of res judicata are satisfied and these claims are barred from relitigation.

## III. CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.

Defendants' Motion to Strike Punitive Damages is **DENIED AS MOOT**.

This Order terminates Docket Numbers 67 & 68.

**IT IS SO ORDERED.**

Date: September 21, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE