**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON CAROLLO,<br><br>    Plaintiff,<br><br>vs.<br><br>VERICREST FINANCIAL, INC. *et al.*,<br><br>    Defendant(s). | Case No.: 11-CV-04767 YGR<br><br>**ORDER DENYING MOTION OF PLAINTIFF FOR RELIEF FROM A FINAL JUDGMENT** |

Plaintiff Sharon Carollo has filed a motion for relief from the judgment entered against her in this foreclosure-related matter.

Having carefully considered the papers submitted, the pleadings in this action, for the reasons set forth below, the Court hereby **DENIES** the Motion.[1]

A motion for relief from a judgment must be made on one or more of the following grounds: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.   Fed. R. Civ. P. 60(b); *School Dist. No. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).   Plaintiff's Motion to Vacate the Judgment does not meet any of the specified criteria.[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Although the motion was filed in October 2012, the motion never was noticed on the Court's motion calendar. Civil L.R. 7-1(a). As a consequence, the Court did not discover the motion until recently.

[2] To set aside a judgment because of fraud, "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403,

1  Rather, the motion appears to disagree with the Court's decision and seek review by another court.
2  Appeals must be made to the Ninth Circuit Court of Appeals.
3      Plaintiff's Motion for Relief from a Final Judgment is **DENIED**.
4      This Order Terminates Docket Number 90.
5      **IT IS SO ORDERED**.

**Date: February 12, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

26  1404-05 (9th Cir. 1987).  The fraudulent conduct of which Plaintiff complains in her motion is the same fraudulent conduct identified in the complaint; fraud that relates to the foreclosure proceedings on her home.
27  Plaintiff also argues that the judgment is void due to this same fraud.  A judgment is void for Rule 60(b)(4) purposes "only if the court that considered it lacked jurisdiction … over the parties to be bound."  *S.E.C. v.*
28  *Internet Solutions for Business Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (citing *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999)).  Plaintiff does not challenge this Court's jurisdiction to render the judgment.